**Miguel Fernando GASPAR MENDEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73838.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

Miguel Fernando Gaspar Mendez, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Jennifer Levings, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Miguel Fernando Gaspar Mendez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an Immigration Judge's ("IJ") order denying his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence, *Ramos–Vas-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*quez v. INS,* 57 F.3d 857, 861 (9th Cir. 1995), and we deny the petition for review.

Gaspar Mendez contends that the IJ unfairly found him not to be credible. Even assuming his testimony is credible, substantial evidence supports the IJ's conclusion that Gaspar Mendez did not meet the burden of proof for past persecution or establish a well-founded fear of future persecution in Guatemala. The documents submitted as evidence support the IJ's determination that crime, not political turmoil, is currently the major cause of violence in Guatemala, as the armed struggle between the guerillas and the government has largely ended. Additionally, Gaspar Mendez renewed his passport after coming to the United States and his parents and nine siblings continue to reside unharmed in Guatemala. Under these circumstances, we are not compelled to find Gaspar Mendez established a well-founded fear of persecution. *See Rodriguez–Rivera v. INS,* 848 F.2d 998, 1006 (9th Cir. 1988) (the safety of an applicant's family and the renewal of a passport are both relevant factors in assessing an applicant's request for asylum and can undercut an applicant's fear of future persecution).

As Gaspar Mendez is unable to meet the burden of proof for asylum, he necessarily fails to meet the higher burden of proof for withholding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 889–89 (9th Cir.2001).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**